**PILA F. PATU and LATA PATU, Petitioners**

v.

**ARTHUR H. WESTERVELT, Director of the Tax Office, Government of American Samoa, Defendant**

No. 2859-1974

[See also Civil Action Nos. 2860-1974, 2863-1974, 2865-1974, 2866-1974, for identical opinions involving different parties]

High Court of American Samoa

Civil Jurisdiction, Trial Division

February 11, 1975

These tax cases came on for hearing upon respondent's motion to dismiss. The motion was based upon the fact that the petition had named "Arthur H. Westervelt, Director of the Tax Office, Government of American Samoa" as respondent whereas a suit of this nature should have been brought against the Governor. This is because the Internal Revenue Code as adopted by American Samoa must be read so as to substitute "Governor" for "Commissioner of Internal Revenue", Title 23 A.S.C. Section 201 (1973), and the Tax Court rules provide that the Commissioner shall be named the respondent in suits for a review of an alleged deficiency. Tax Court Rule 60(b). The second basis for the motion to dismiss was the fact that the petition when filed was unverified. This second ground was dropped at oral arguments since counsel for the Government acknowledged that under the current Tax Court rule verification is no longer necessary. The motion to dismiss was filed on November 22, 1974.

On December 2, 1974 the petitioners, through counsel, filed a motion to amend their petitions as of course pursuant to Tax Court Rule 41(a). The latter rule provides:

(a) AMENDMENTS. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no response of pleading is permitted

and the case has not been placed on the trial calendar, he may so amend it at any time within 30 days after it is served.

Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires. *No amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition as then on file.* A motion for leave to amend the pleading shall state the reasons for the amendment and shall be accompanied by the proposed amendment. *See* Rules 36(a) and 37(a) for time for responding to amend the pleadings. (Emphasis supplied.)

The new Tax Court Rules, effective January 1, 1974, may be found in Supplement for use in 1974 of Title 26 U.S.C.A.

A petition with the Tax Court for review of an assessed deficiency must be filed within 90 days after the notice of the deficiency is mailed. I.R.C. Section 6213. See generally, 34 Am.Jur.2d Federal Taxation, para. 9310 et seq. (1973).

Counsel for the Government has resisted petitioner's motion to amend the petition on the ground that if it is allowed this will be a direct violation of that portion of Rule 41(a) emphasized above. That is, since more than 90 days have elapsed following the notice of the deficiency (the latter notice is on file and dated August 9, 1974) petitioners could not now file a petition naming the Governor respondent; therefore to allow them to bring the suit against the Governor by way of amendment would involve conferring jurisdiction on the court over a matter which otherwise would not come within its jurisdiction.

Ordinarily, tax court litigation takes one of two routes. The Tax Court is available only when a deficiency is claimed and a timely tax court petition is filed before the deficiency is paid. If a deficiency is paid after a petition is filed the Tax Court still retains jurisdiction. If the deficiency is paid but no petition is filed with the Tax Court

within the time prescribed then the suit must be brought in the District Court for a refund. In short, if the taxpayer doesn't file a timely Tax Court petition *or* if he claims a refund, his choice is limited to a U.S. District Court or the Court of Claims. But before he can bring suit in either a U.S. District Court or the Court of Claims, the tax assessed must have been paid in full and the timely refund claim must have been filed with the District Director. 34 Am.Jur. 2d Federal Taxation, para. 9303 at 974 (1973).

Under Title 34 A.S.C. Section 201 we find the following substitution of terms:

Except where it is clearly otherwise required, the applicable provisions of the United States Internal Revenue Code of 1954 shall be read so as to substitute "High Court" for "District Court" and "Tax Court".

There is no mention of a Court of Claims in the latter section. However the Court of Claims would serve the same basic function as the District Court, that is, a forum to litigate claims for refund. So, in American Samoa, the High Court is going to sit as either the Tax Court or as a District Court. It would sit as a Tax Court when a notice of deficiency is issued and the petition timely filed. It would sit as a District Court if the taxpayer doesn't file a timely tax court petition or if he has already paid the tax and files a claim for a refund. A taxpayer can sue for a refund only after paying the assessed tax in full. Therefore, the practical effect of denying the present amendments of the petitions would be as follows: The petitions would be dismissed since not brought against the proper party; since more than 90 days have expired since the notice of the deficiency, a new petition naming the Governor as respondent would be untimely; consequently, the taxpayer would have to pay the assessment then sue for a refund in the High Court which would sit as a District Court.

Whether the motion to amend is granted or denied the actual judicial forms will be the same. That is, if the motion to amend is granted the High Court will review the assessment sitting as Tax Court. If denied, the High Court will review the claim for a refund sitting as a District Court after the taxpayer has paid the alleged deficiency.

As stated above, the current Tax Court rules became effective only last January. Consequently, there are no reported cases construing the present Rule 41(a), specifically, the part thereof that states no amendment shall be allowed after expiration of the time for filing the petition, however, which would involve conferring jurisdiction on the Court over the matter which otherwise would not come within its jurisdiction under the petition which is then on file. Specific judicial precedent is not therefore available.

In construing Rule 40(a) it should be noted that Tax Court Rule 1(b) states "these rules shall be construed to secure the just, speedy, and inexpensive determination of every case." Therefore, a construction that would be consonant with Rule 1(b)'s directive should be preferred. We now turn to Rule 41(a).

■ The issue is whether allowing the amendment to the petition so as to substitute Frank C. Mockler, Acting Governor of the Territory of American Samoa, Government of American Samoa for the name of Arthur H. Westervelt, will involve conferring jurisdiction on the Court over a matter which otherwise would not come within its jurisdiction under the petition that is then on file. As discussed above, the High Court is going to have jurisdiction of this controversy either sitting as a Tax Court or sitting as a District Court in a suit for a refund. In a sense, granting the amendment would not result in conferring jurisdiction. It would simply involve allowing the Court to continue sitting as a Tax Court and not require the taxpayer to pay the assessment and then sue for

a refund with the Tax Court switching hats to sit as a District Court. This construction of Rule 41(a) will secure the just, speedy, and inexpensive determination of this case as directed by Rule 1(b).

To allow the amendment would be just. As stated by counsel for the petitioner in his affidavit in support of his motion to amend, when he filed the action he inadvertently understood that the action should be brought against the Tax Director, Arthur H. Westervelt, under the mistaken belief that the Tax Director serves in the capacity of the Commissioner of Internal Revenue. This is surely an excusable mistake. The Court can take judicial notice of the fact that all tax matters are handled by Mr. Westervelt as Director of the Tax Office. Whether the Court grants the motion to amend or denies it and the petitioners then come in, after having paid the assessment, seeking a refund with Tax Court sitting as a High Court, the person who ultimately will sit at respondent's bench will be Mr. Westervelt. He has a technical expertise and complete administrative control over tax matters in the Territory.

To allow the amendment would secure a speedy determination on this case. If the amendment is allowed the case can proceed on its merits. If disallowed, the taxpayers will have to pay the assessment then proceed to pursue a refund claim through Administrative channels before being allowed to commence the suit in the High Court sitting as a District Court. See generally, 34 Am.Jur.2d Federal Taxation at page 939 with related textual discussion (1973).

To allow the amendment would secure an inexpensive determination of this case. If the amendment is disallowed the taxpayers will have to pay the assessed deficiency then sue in the High Court sitting as a District Court for a refund, after going through the above mentioned Administrative refund claim process. Moreover, when such a refund

suit would be filed they would have to pay a new filing fee for each case filed with the High Court.

In view of the foregoing conclusions it would seem that such proposed amendment be logically permitted, and it is accordingly so Ordered.

Petitioner in the above-captioned matter later filed an additional motion to amend the petition by adding a paragraph raising the statute of limitations as a defense. Although there was no argument thereon, and none had been scheduled therefor, counsel for the Government has indicated a willingness to allow such amendment and that, too, is therefore allowed in this case.